EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO JIMÉNEZ, acusado y apelante.

No. 4602.—*Sometido:* Diciembre 18, 1931. *Resuelto:* Diciembre 22, 1931.

───────────

* NOTA: Véase el prefacio.

*Pascasio Fajardo,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Pablo Jiménez fué convicto de comprarle propiedad hurtada a un menor de diez y ocho años. Ese delito lo define el artículo 438 del Código Penal.

Un policía declaró que la propiedad en cuestión—un reloj—le había sido entregado por la esposa del acusado a instancias de éste. Cuando al policía se le preguntó acerca de su conversación con el acusado, fué desestimada una objeción, y el abogado del acusado, quien no había consignado los motivos de su objeción, entonces anotó excépción por el fundamento de que al acusado no se le había advertido que su confesión podría utilizarse en contra suya.

Después que el testigo había declarado respecto a lo dicho por el acusado, el abogado de la defensa solicitó que se eliminara ese testimonio por el fundamento apuntado en la excepción ya tomada. El juez entonces indicó al fiscal de distrito que se cerciorara de si la admisión hecha por el acusado fué o no voluntaria. Después de alguna indagación sobre el particular la córte negó la eliminación solicitada.

Durante el curso de esta investigación el acusado se opuso por dos veces a preguntas sugestivas. El fiscal de distrito prontamente se allanó a la primera de estas dos objeciones, y la pregunta objetada no se contestó. Fué erróneo declarar

sin lugar la segunda objeción. La información que se extrajo, sin embargo, era meramente acumulativa y el error de que se queja el apelante, sin más, no es suficiente motivo de revocación.

El carácter voluntario de la confesión fué claramente establecido y el juez de distrito no erró al negarse a ordenar que la declaración del policía fuera eliminada del récord.

El error, de haberlo, al declarar sin lugar la objeción primeramente mencionada, fué inofensivo.

Un examen del récord taquigráfico en conjunto, a la luz de la argumentación contenida en el alegato del apelante, no revela un error tan manifiesto en la apreciación de la prueba que justifique la revocación.

*Debe confirmarse la sentencia apelada.*